.Argued October 21; decided November 15, 1897.

## STATE v. MAGONE.

[51 Pac. 453.]

DECLARATIONS OF CO-CONSPIRATORS — SUFFICIENCY OF OBJECTION.— Statements made by conspirators after the proposed crime has been accomplished are not admissible against a co-conspirator for any purpose, and a general objection for incompetency is sufficient, though the rule would be different if the evidence were not absolutely incompetent.

COMPETENCY OF CO-DEFENDANT AS STATE'S WITNESS.— One who was jointly indicted with a defendant on trial, but who has entered a plea of guilty, is a competent witness for the state.

PROMISE OF PARDON — COMPETENCY OF WITNESS.— A defendant who has entered a plea of guilty is not rendered incompetent as a witness against his co-defendant by the fact that he was induced to testify by promises of a mitigation of his punishment, or a pardon, as such fact affects merely the weight of his testimony.

From Multnomah: THOS. A. STEPHENS, Judge.

Daniel Magone was convicted of grave robbery in exhuming and stealing the body of W. S. Ladd. Being without means he was defended by counsel appointed by the court to serve without compensation.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Julius C. Moreland.*

For the state there was an oral argument by *Mr. Chas. F. Lord,* district attorney, with a brief over the names of *Cicero M. Idleman,* attorney-general, *Chas. E. S. Wood, Daniel J. Malarkey,* and *Mr. Lord* to this effect.·

Under joint indictment, when a severance and separate trials have been ordered, one defendant, even though his case has not been disposed of, may testify against his co-defendant: Wharton on Criminal Evidence (8th Ed.), § 439; 1 Greenleaf on Evidence, § 379; *Benson* v. *United States*, 146 U. S. 325 (13 Sup. Ct. 60); *Smith* v. *Commonwealth*, 90 Va. 759 (19 S. E. 843); *State* v. *Bogue*, 52 Kan. 79 (34 Pac. 410); *State* v. *Barrows*, 76 Me. 401 (49 Am· Dec. 629); *State* v. *Brien*, 32 N. J. Law, 414; *Noyes* v. *State*, 41 N. J. Law, 418; *Allen* v. *State*, 10 Ohio St. 287; *People* v. *Labra*, 5 Cal. 184; *People* v. *Newberry*, 20 Cal. 440; *Brown* v. *State*, 18 Ohio St. 497; *Carroll* v. *State*, 5 Neb. 31.

Any defendant, after his case has been disposed of by a plea of guilty, and whether he has been sentenced or not, can testify for or against his co-defendant: Bishop's New Criminal Procedure, §§ 1020, 1166; *State* v. *Loney*, 82 Mo. 82; *State* v. *Jackson*, 106 Mo. 174 (17 S. W. 301); *State* v· *Minor*, 117 Mo. 302 (22 S. W. 1085); *Patterson* v. *Commonwealth*, 86 Ky. 313 (5 S. W. 387); *State* v. *Jones*, 51 Me. 125; *Lee* v. *State*, 51 Miss. 566; *Delozier* v. *State*, 1 Head (Tenn.) 46.

A mere general objection that the evidence is "incompetent" will not be considered: 8 Enc. Pl. & Pr. 218; *State* v. *Hope*, 100 Mo. 347 (8 L. R. A. 608, 13 S. W. 490); *State* v. *Moore*, 117 Mo. 395 (22 S. W. 1086); *State* v. *Kennade*, 121 Mo. 405 (26 S. W. 345); *State* v. *Eisenbour*, 132 Mo. 140 (33 S. W. 786); *Voss* v. *State*, 9 Ind. App. 294 (36 N. E. 654; *Garner* v. *State*, 5 Lea (Tenn.) 217; *Herman* v. Jeffries, 4 Mont. 513.

PER CURIAM.   The defendant, Daniel Magone,
was jointly indicted with Charles Montgomery, Wil-
liam Rector and Edward Long for the crime of dis-
interring a human body, and, being separately tried,
was convicted thereof, and sentenced to imprison-
ment in the penitentiary for a term of two years,
from which judgment he appeals.

It is contended by counsel for defendant that
the court erred in the admission of the testimony
of certain witnesses who detailed the declarations
made by Montgomery, Rector and Long to them
in the absence of defendant, after the commission
of the alleged crime: while counsel for the state
maintain that the declarations so detailed related
to the commission of a crime not fully consum-
mated; but, if it be conceded that they related to
the crime charged in the indictment, the proper
objection to the introduction of this testimony was
not made, and that, such being the case, the ex-
ception relied upon fails to bring up the question
sought to be reviewed.   The bill of exceptions
shows that William H. Welch and Samuel Sim-
mons, city detectives, and F. H. Noltner, a sten-
ographer employed in the office of the chief of
police of the City of Portland, were permitted, over
the defendant's objection and exception, to detail
the statements made to them, by Montgomery, Rec-
tor and Long, in the absence of Magone, to the
effect that, at the solicitation of Magone, they agreed
to aid in the commission of the crime charged in
the indictment, and that, in pursurance of such
agreement, they disinterred the body, and reburied

it at another place, expecting to receive from the relatives of the deceased a large sum of money for its return, the burial place of which they disclosed. The several witnesses having stated that the admissions of the co-defendants were made in the absence of Magone, his counsel objected to the introduction of their testimony as not being competent, without stating wherein it was claimed to be incompetent. The point insisted upon by counsel for the state is that the objection is too general to present any question for consideration, in that it fails to assign any reason why the testimony objected to was deemed incompetent. The rule is universal that, after a conspiracy has terminated, either successfully or in defeat, the admissions of one conspirator by way of recital of past facts are a confession of his own participation, and are admissible against himself, but are not admissible against his companions in the unlawful enterprise: *Logan* v. *United States*, 144 U. S. 263 (12 Sup. Ct. 617); *Sparf* v. *United States*, 156 U. S. 51 (15 Sup. Ct. 273); *Sheppard* v. *Yocum*, 10 Or. 417; *Osmun* v. *Winters*, 30 Or. 177 (46 Pac. 782); *State* v. *Tice*, 30 Or. 457 (48 Pac. 367). The indictment charges that the defendants "did wilfully, feloniously and wrongfully dig up and disinter a human body," etc., and the evidence shows that the crime charged had been fully consummated before the conspirators made the declarations to the witnesses, and hence the evidence thereof at Magone's trial was incompetent for any purpose. The statutes of California and Iowa provide, in substance, that when exceptions

32 Or.—14.

are taken to the admission of evidence the ground of the objection must be stated; but it has been held in these states that where the evidence was not admissible for any purpose, the mere statement that it is incompetent sufficiently indicates the ground of the objection: *Nightingale* v. *Scannell*, 18 Cal. 315; *Greenleaf* v. *Dubuque Railroad Company*, 30 Iowa 302. So, too, in the case at bar, the evidence objected to being inadmissible for any purpose the statement that it was incompetent is sufficient to present to this court the identical question considered in the court below. For this error the judgment must be reversed.

Inasmuch as a new trial must be ordered, it becomes necessary to consider another assignment of error relied upon. It is contended by counsel for the defendant that the court erred in permitting a co-defendant, after he had entered a plea of guilty to the joint indictment, to testify on behalf of the state, over defendant's objection and exception. The record shows that on May 27, 1897, Charles Montgomery, on being arraigned on this indictment, entered a plea of guilty, and, on the eighteenth of the next month, the defendant being on trial, Montgomery testified, in substance, that he entered into an agreement with Magone whereby they and the other co-defendants committed the crime for which they had been indicted; and on cross-examination his testimony is as follows: Q. "They told you if you would tell all about it you would be out in a few days and go free?" A. "Yes, sir, that I would not be prosecuted." Q.

"They also told you that you were going to get a pardon soon if you would tell about this?" A. "Yes sir, they said - I would be out of it before very long." Q. "And you are testifying this with that understanding; you have that understanding now?" A. "I have that understanding now." Q. "That you are to get out of this in a short time?" A. "Yes, sir, I expect to get out in a short time." Q. "And that is the reason you are telling this?" A. "That is the reason I am telling what I do now." Q. "That is the reason you are saying that?" A. "Otherwise I would not say it." Counsel for defendant thereupon moved the court to withdraw from the consideration of the jury the testimony of this witness because it is the testimony of a co-defendant given under promise of liberation; but, the court denying the motion, an exception was saved. The interest of the witness in the result of the trial might affect his credibility, but it would not render him incompetent: Hill's Ann. Laws, § 710. It is very evident from an inspection of the testimony given by the witness that he was induced by the promises held out to him to testify against the accused, but, having stated the reasons that prompted him to do so, it became a question for the jury to say, from all the circumstances, whether he spoke the truth, provided his testimony was corroborated by such other evidence as tended to connect the defendant with the commission of the crime: *Ib.* § 1371. It cannot matter whether Montgomery was induced by the hope that the severity of the sen-

tence which must necessarily follow his voluntary admission of guilt would be mitigated, or that, smarting under the impending punishment, he determined to avenge his supposed injury by seeking the conviction of his associate, his testimony would be admissible in either case, and having entered a plea of guilty to the joint indictment he thereby became a competent witness for the state, and hence there was no error in permitting him to testify against Magone. But for the reasons hereinbefore stated the judgment will be reversed, and the cause remanded for a new trial in accordance with this opinion.

REVERSED.

Decided July 31, 1897.