## Ortlip *v.* Shivery, Appellant.

*Justice of the peace—Termination of office—Annulment of borough charter—Void judgment.*

Where the charter of a borough has been annulled by an order of the Court of Quarter Sessions, the office of a justice of the peace who has been commissioned for the borough is at once extinguished, and a judgment entered by him thereafter is wholly void.

Argued Nov. 21, 1916.  Appeal, No. 339, Oct. T., 1916, by defendant, from judgment of C. P. Chester Co., April T., 1916, No. 20, on verdict for plaintiff in case of Clarence M. Ortlip, Sheriff of Chester County, to use of S. K. Chambers & Bro., v. W. D. Shivery.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass to recover damages for injuries caused by a constable's sale on a judgment of a justice of the peace, entered after the justice's office had been extinguished by the annulment of the Quarter Sessions of the charter of the borough for which the justice had been commissioned.

The court in a charge by BUTLER, P. J., directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $353.50.  Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Robert S. Gawthrop,* with him *B. F. Davis,* for appellant.—The acts of one who, although not the holder of a legal office, was actually in possession of it under some color of title, or under such conditions as indicated the acquiescence of the public in his action, could not be impeached in any suit to which such person was not a, party: Com. v. McCombs, 56 Pa. 436; Clark v. Com., 29 Pa. 129; McKim v. Somers, 1 Penrose & Watts 297; Thompson v. Ewing, 1 Brewster 67; Keyser et al. v. M'Kissan, 2 Rawle 139; Bowman's Case, 225 Pa. 364.

*Thomas W. Pierce,* with him *S. D. Ramsey,* for appellee.—There can be no de facto officer where there is no office de jure.: Hildreth v. McIntire, Am. Dec. 61 (1 J. J. M. Ky. 206); Norton v. Shelby County, 118 U. S. 425; Com. v. Gamble, 62 Pa. 343.

OPINION BY TREXLER, J., April 16, 1917 :

Thomas Hudson was duly commissioned a justice of the peace for Hopewell Borough for six years from the first Monday of January, 1914. The charter of the borough was annulled on January 26, 1914, and the territory contained in it became part of the townships out of which it was carved at the time of its incorporation. Quo warranto proceedings against Hudson were started and judgment of ouster was entered against him. See Com. ex rel. v. Hudson, 253 Pa. 1. During the period between the annulment of the borough charter and the final judgment of ouster, Hudson continued to act as justice of the peace. The defendant in the case before us, obtained a judgment before the justice of the peace and issued execution thereon. The sheriff of the county subsequently had an execution against the same goods. The constable insisted upon selling the goods. This present suit was brought by the sheriff to the use of the execution creditors to recover the damages occurring by reason of the goods being improperly sold by the constable under a void levy, the justice of the peace when he entered judgment and issued the execution, not being any longer in office. The defendant contends that notwithstanding the termination of the existence of the borough, the justice of the peace having been duly commissioned was a de facto officer capable of entering a valid judgment, and that the execution issued thereon was legal; that although there was no legal office, the right of the justice to exercise the powers incident to his office continued until judgment of ouster was entered against him, citing Clark v. Com., 29 Pa. 129; Campbell v. Com., 96 Pa. 344.

When the charter of the Borough of Hopewell was annulled the district for which the justice of the peace was commissioned was extinguished and the office terminated. His commission ended when the district vanished. There could not exist a commission for any purpose when no district existed: Com. ex rel. v. Hudson,

253 Pa. 1.   When the charter was declared to have no legal existence and the borough as a corporate entity ceased to exist, the whole fabric fell.   This was notice to the world that there was no Hopewell Borough.   The commission of the justice on its face proclaimed its invalidity.   The legislature of the State has declared that no justice shall act unless he resides within the limits of the district for which he was commissioned, and that his office shall be kept in said district: Acts of February 22, 1802, 3 Sm. L. 490, and June 21, 1839, P. L. 376, Sec. 13. The commission of a judge could not exist after a total abolition of his district: Com. v. Gamble, 62 Pa. 343 (350).   It did not require the Commonwealth's officer to institute proceedings to test the title to the offices of said borough in order to establish their status.   The extinction of the borough carried with it the extinction of the offices exercised therein.   There remained thereafter not a colorable right to fill any office connected with a defunct borough.   The office fell with the charter of the borough and after the decree of annulment entered by the court the justice of the peace could perform no valid act as justice.   The authorities relied upon by the appellant are distinguishable from the present case.   In the case of Clark v. Com., supra, as was pointed out by Justice FIELD in Norton v. Shelby County, 118 U. S. 425, the question related to the title to the office.   When Clark was tried objection was made that the judge presiding was not the lawfully elected judge of the district in which the trial was held.   The constitutional question involved had not then been decided.   It was held that he was a de facto judge and had at least a colorable title to the office.   In the case of Campbell v. Com., supra, objection was made on appeal, not having been raised at the trial, that the associate judges had not a valid title to the office.   It was held that quo warranto was the proper method to attack their title and that it could not be properly questioned in a collateral proceeding.   In both of these cases, the officers had a colorable title to their re-

spective offices, and their title had not been passed upon in any legal proceeding directly involving it. As long as Hopewell Borough was exercising its corporate functions, although never legally chartered as a borough, the acts of the officers including the justice of the peace residing therein, and duly commissioned to exercise his functions within the territory embraced in the borough, were not open to collateral attack, but as we stated before when the charter of Hopewell Borough was annulled the offices of the borough fell with it and the question as to whether there were any legal offices or officers was then definitely settled. The justice's commission not surviving the dissolution of the borough his jurisdiction was at an end.

Judgment affirmed.