Submitted on briefs October 31, 1932; affirmed January 10, 1933

# STATE *v.* HALE

### (18 P. (2d) 219)

*Watts & Prestbye,* of Athena, and *Peterson & Lewis,* of Pendleton, for appellant.

*C. C. Proebstel,* District Attorney, and *A. C. Mc-Intyre,* Deputy District Attorney, both of Pendleton, for the State.

CAMPBELL, J. On April 1, 1932, the appellant was jointly indicted with Leona McPherrin, by the grand jury of Umatilla county, charged with the unlawful possession and transportation of intoxicating liquor. On April 9, 1932, the defendants were arraigned and both pleaded not guilty. The record does not disclose when the court fixed the 19th day of April for the trial of the case, but it is fair to assume that it was at the time that the pleas of not guilty were entered. On the same day, the defendant filed an affidavit of prejudice against the judge, and thereupon Judge J. W. Knowles of Union county was assigned to hear the case.

On April 16, 1932, defendant filed a motion for a continuance on the grounds that his co-defendant and main witness, a resident of Walla Walla, Washington, was ill and confined to her bed in the Walla Walla hospital and would be unable to attend the trial at Pendleton on April 19, 1932. This motion was supported by his own affidavit and that of Walter G. Cowan, M. D. These affidavits gave no intimation of when, if ever, the witness would probably be able to appear in court. Neither did these affidavits show what the witness would testify to, or the materiality of her testimony, or that it could not be supplied by

other equally credible witnesses. Defendant was then given an opportunity to show what evidence he expected from his absent witness, the co-defendant who was ill, and on April 19, 1932, filed the affidavit of said Leona McPherrin showing what she would testify to if she were present in court at the trial. The district attorney thereupon admitted that if the affiant was present and on trial she would so testify and that the affidavit might be received in evidence and submitted to the jury as her testimony. The court thereupon proceeded to the trial of this defendant. The jury returned a verdict of guilty as charged and judgment was duly pronounced thereon. Defendant appeals.

Assignment of Error No. 1: That the court erred in denying appellant's motion for a continuance.

■■ The postponement of a criminal trial rests in the sound legal discretion of the court and ''all affidavits or papers read on either side * * * must be first filed with the court'': Oregon Code 1930, § 13-905. It has been held in an unbroken line of decisions that in matters within the discretion of the trial court, this court will not disturb the action of the trial court except for a manifest abuse of such discretion, prejudicial to defendant: *State v. O'Neil,* 13 Or. 183 (9 P. 284) ; *State v. Hawkins,* 18 Or. 476 (23 P. 475; *State v. Finch,* 54 Or. 482 (103 P. 505) ; *State v. Putney,* 110 Or. 634 (224 P. 279), and many others. The affidavit of the co-defendant, who was beyond the jurisdiction of the court as a witness, simply states that if she were present in court she would testify, etc. She does not say that at any future time she would attend court as a witness or that she would ever request to be a witness in a cause in which she was the defendant. She could not be compelled to answer a subpoena, or take the witness stand: Oregon Code 1930, § 13-929.

In cases other than felonies, "defendants jointly indicted may be tried separately or jointly, in the discretion of the court": Oregon Code 1930, § 13-924.

 The court, having exercised its discretion in having appellant tried separately, the co-defendant, not having been acquitted or convicted and not on trial, would not be a competent witness: *State v. Drake,* 11 Or. 396 (4 P. 1204); *State v. Case,* 61 Or. 265 (122 P. 304). If it were error to permit co-defendant's affidavit to be received in evidence, it was invited error and not prejudicial to appellant. There was no abuse of discretion in denying the postponement.

Assignment of Error No. 2: The court erred in failing to exclude the testimony of state's witnesses, Durning and Chambers.

Mr. Durning was recalled by the state in rebuttal and he was asked a question that was objected to by counsel for defendant and the objection was sustained. He was then asked:

"Q. Mr. Durning, at the time you approached the defendant and Mrs. McPherrin in the car, what was the defendant and Mrs. McPherrin doing?

"A. They were driving down the road at a very moderate rate of speed and Mrs. McPherrin was sitting very close to Mr. Hale and Mr. Hale had his arm around her.

"Q. Was there anyone else in the car?

"A. No, sir.

"Objected to by counsel for defendant.

"The Court: He testified to that before. Witness excused."

It will be observed that counsel made no objection until after the witness had answered and then gave no reason why the question was objectionable, and made no motion to have the answer stricken out.

The state proved, and the defendant admitted, that there was intoxicating liquor in the car in which defendant was riding at the time of his arrest. Defendant, as a witness in his own behalf, testified that the car in which he was riding at that time did not belong to him, that he was not driving it, that he did not own the liquor and that he knew nothing about it until about the time of his arrest. He further testified that, as far as he knew, the car and its contents belonged to, and were wholly controlled by one James Boardman who was driving the car all of the time that he and Mrs. McPherrin were in the car, that they were on their way to Pendleton, that they were riding at the invitation of said James Boardman, that the position of the occupants of the car was, James Boardman driving and Mrs. McPherrin sitting on appellant's lap; that Boardman stopped the car at the foot of a hill and ran up the hill through a field, followed by defendant possibly 75 yards in the rear. State's witness had testified in chief that there were only two people in the car.

F. R. Chambers was recalled by the state in rebuttal. He was permitted to testify:

"Q. Mr. Chambers, at the time you met the defendant, Mr. Hale and Mrs. McPherrin on the highway, state what defendant and Mrs. McPherrin were doing?

"Objected to by counsel for defendant as not proper rebuttal.

"The Court: Objection is overruled.

"A. Mr. Hale was driving the car and Mrs. McPherrin was sitting up quite close to him and Mr. Hale had his arm around her.

"Q. Mr. Chambers, at the time you rounded the curve and when Mr. Hale, the car that Mr. Hale was in, when you first saw it stop how far could you see up the hill to the right in the direction Mr. Hale was running?

"Objected to by counsel for defendant, on the ground it was fully gone into in detail.

"The Court: The objection is overruled.

"A. I judge it to be quite some distance, I can't say exactly; I should say possibly 600 feet.

"Q. At the time that you stopped your car and Mr. Hale stopped running and turned around, how far was it from the point where Mr. Hale stopped running and turned around to the top of the hill that you could see?

"Objected to by counsel for defendant on the ground and for the reason that the whole matter was gone into * * *.

"Objection overruled, exception allowed."

The witness did not answer the question. This testimony was proper rebuttal and only the first question was objected to on the ground that it was improper rebuttal:

■ Assignment of Error No. 3: The court erred in not sustaining defendant's objection to the testimony of witness, Chambers, concerning the alleged odor of liquor on defendant's breath, and failing to exclude the testimony of witnesses Chambers and Durning on rebuttal, to the effect that defendant had his arm around the co-defendant. Counsel for appellant claims that this is an attack on defendant's character. We are unable to follow counsel in this respect. The witness was allowed to testify over objection by defendant's counsel, as follows:

"A. I asked him what he had been drinking and he didn't state, I said you have been drinking something, and he said, yes, but I haven't had anything to drink since I started on this trip; he said he would like awful well to have a drink, I offered him a cigarette and he said he would rather have a drink."

His preference for a drink (and we assume that it was a drink of intoxicating liquor that he meant) over that of a cigarette, by many people would be considered highly commendable. Even his expressed desire for a

drink, however reprehensible it may be considered by some, would only seem to indicate that he was of a similar mind as a majority of the voters of the state of Oregon, as witness the result of the election on November 8, last.

Regarding the testimony of the state that, while riding in the automobile, appellant had his arm around his co-defendant, it appears that his own testimony was that his co-defendant was sitting on his lap. Assuming, without deciding, that either of these positions might be a reflection upon his character, the writer knows of no law or rule of etiquette that makes putting one's arm around a lady more offensive to the conventions of society than having the same lady sitting on one's lap.

Finding no error, the judgment will be affirmed.

It is so ordered.