STATE ex rel. JUGLER v. GROVER et al.

No. 6393.   Decided December 15, 1942.   (132 P. 2d 125.)

See 21 C. J. S., Courts, sec. 311; Incompatibility of offices in the military and in the civil service, notes, 26 A. L. R., 142; 132 A. L. R., 254; 140 A. L. R., 1499; 141 A. L. R., 1525. See also 30 Am. Jur., 753.

For former opinion, see 102 Utah 41, 125 P. 2d 807.

*Wade M. Johnson,* of Ogden, for relator.

*Grover A. Giles,* Atty. Gen., and *A. U. Miner* and *Calvin L. Rampton,* Deputy Attys. Gen., for defendants.

LARSON, Justice.

We have examined the petition for rehearing and finding no merit therein, the petition is denied.

MOFFAT, C. J., concurs.

McDONOUGH, Justice (concurring).

The defendant filed an application for rehearing in this case on the ground that on the date the decision was handed down Mr. Justice Pratt who participated in the determination of the cause, was not qualified to do so. Petitioner points out that Justice Pratt's concurrence resulted in the

majority opinion which was adverse to the position of petitioner, two of the five justices having dissented.

The basis for the claim that Justice Pratt was disqualified is that prior to rendition of the decision, he was called to active duty as a major in the United States Army; that he had taken the oath as such officer; that he had entered upon the performance of his duties as such military officer; and that he had requested and had been granted a leave of absence for the duration of the national emergency.

Justice Pratt was called to active duty as of February 12, 1942, but this case was argued and submitted some time prior to that date. In fact the case was submitted at a time when such call was not regarded as imminent. Subsequent to his call to active duty he participated only in the decision of cases which theretofore had been submitted when he was sitting as a member of the court. At the time the decision was rendered, the governor had not appointed an "officer * * * tempore to perform the necessary duties" of such justice, as provided in Chap. 105, Laws of Utah, 1941, nor had the remaining members of the court called in any district judge to sit in the place of Justice Pratt as to any of the cases above mentioned in connection with which he functioned as a member of the court. In fact he functioned as a member of this court only in the decision of those cases which had been submitted prior to commencement of his leave of absence.

Based on a state of facts alleged in the petition for rehearing and those outlined above, defendant argues (1) that by receiving a commission as an officer in the United States Army, Justice Pratt accepted an office under the Governmen of the United States, and that he thereby vacated his office as a justice of this court by force of Art. VII, Sec. 23, Constitution of Utah; and (2) that even if he did not thereby forfeit his office as justice of this court, by reason of having been granted a leave of absence pursuant to the 1941 statute above cited, he became disqualified from any

further participation in this cause on and after the date the leave became effective.

The first contention of petitioner is answered in *Critchlow* v. *Monson, Sec. of State et al.,* 102 Utah 378, 131 P. 2d 794, currently decided. In that case we held that the above-mentioned constitutional provision has no application to a temporary military office presently held by Justice Pratt, and that holding such military office for the duration of the war is not incompatible with his office as justice of this court. We further held that Chap. 105, Laws of Utah 1941, is valid at least in so far as it provides for granting a leave of absence to a justice of this court.

It is not contended that either taking the oath as an army officer or entrance upon active military duty, in any way actually interfered with, colored, or otherwise prejudiced the deliberations of Justice Pratt or influenced him in concurring with the views of the Chief Justice and Mr. Justice Larson. Nor is it claimed that Justice Pratt, who was then at Fort Douglas adjacent to Salt Lake City, for any practical reasons was unable to give adequate time to deliberations and consultations with other members of this court to determine how the case should be decided. In fact, it must be conceded that the same result would have been achieved as far as the majority opinion and the dissenting views are concerned, whether or not any leave of absence had been granted, or whether or not Justice Pratt ever had been called to active duty in the armed forces.

*Critchlow* v. *Monson,* supra, in effect holds that Justice Pratt, is a de jure member of this court on a leave of absence.

Such being his status, his participation in the decision of this case—even assuming that it was not in the capacity of a justice de jure—was at least that of a de facto judge. In order to answer the second contention of defendant, it is not necessary to determine whether an officer on leave of absence under the statute cited has authority to function at will in the performance of such duties as time and inclination may dictate. Assuming that he may not, and that

the initiation of a leave of absence status and assumption of his military duties precludes him from thereafter functioning as an officer de jure, I am of the opinion that since he here acted at least in the capacity of a judge de facto, the attack upon his authority made by petitioners should not be sustained. That he was at least a judge de facto is abundantly clear. *Peterson* v. *Benson,* 38 Utah 286, 112 P. 801, 32 L. R. A., N. S., 949, Ann. Cas. 1913B, 640; *In re Thompson's Estate,* 72 Utah 17, 83, 269 P. 103, 127; 30 Am. Jur. p. 804; 71 A. L. R. 848, annotation. Even if he were held to have vacated his office by responding to a call to active military duty, his participation in this case would be that of a de facto judge. *Woodside* v. *Wagg,* 71 Me. 207. *Old Dominion Bldg. & Loan Ass'n* v. *Sohn,* 54 W. Va. 101, 46 S. E. 222. The act of a de jure justice performed after the date when his leave of absence commenced, but while he was actually present and conferring as member of the court, and before the designation of another to perform the duties of such justice, should be no more subject to attack than the acts of a de facto officer.

If Justice Pratt's participation in the case were viewed as that of a de facto judge, should defendant's attack on his authority made by petition for rehearing be sustained? I am of the opinion that it should not. As stated in 30 Am. Jur. p. 806, sec. 102:

"A judge de facto is, to all intents and purposes, a judge de jure as to all persons except the state. His title or right to the office can be determined only in a quo warranto proceeding or information in the nature of a quo warranto at suit of the sovereign, and cannot be questioned in a collateral proceeding. * * * Moreover, his official acts are just as valid for all purposes as those of a de jure judge, so far as the public or third persons who are interested therein are concerned, and their validity may not be collaterally attacked."

It must be conceded that the petition for rehearing is a direct attack on the judgment or decision thus assailed; but it is a collateral or indirect attack upon the authority of the court which rendered it. We are asked to determine

incidentally to the issue raised in the case before us a question as to the capacity or lack of capacity of Justice Pratt to participate de jure in any respect in the proceedings of this court after commencement of his leave of absence. This should not be done. The considerations of public policy and necessity upon which the doctrine which gives validity to the acts of de facto officers, in my opinion, preclude the method of attack here attempted on the decision of one who is at least a de facto judge. See *Norton* v. *Shelby County,* 118 U. S. 425, 6 S. Ct. 1121, 30 L. Ed. 178; *Sheehan's Case,* 122 Mass. 445, 23 Am. Rep. 374. This was evidently the view taken by this court in the case of *In re Thompson's Estate,* supra. There the authority of a judge sitting as a member of this court was questioned by a petition for rehearing in a case in which he participated. Applicant's contention was rejected, the court stating that although it be assumed that the judge whose authority was questioned was not a judge de jure, he was at least a judge de facto and that the decision concurred in by him was as binding on respondent as if such judge had been a judge de jure.

In my opinion, the authorities sustain the position that although an attack on a judgment be a direct attack, nevertheless, if such attack be grounded upon the contention that the judge who decided the matter was not a de jure judge, the attack on the judge's authority is regarded as collateral. Hence, if it be determined that the judge was a de facto officer, his de jure character need not be determined in such proceeding. *Sheldon et al.* v. *Green,* 182 Okl. 208, 77 P. 2d 114; *Campbell* v. *Commonwealth,* 96 Pa. 344; *Hagler* v. *State,* 116 Tex. Cr. R. 552, 31 S. W. 2d 653; 666 *West End Avenue Corp.* v. *Deutsch,* 135 Misc. 707, 238 N. Y. S. 256; *Curtin* v. *Barton,* 139 N. Y. 505, 34 N. E. 1093; *In re Pardee's Estate,* 259 App. Div. 101, 18 N. Y. S. 2d 413; *Commonwealth* v. *Di Stasio,* 297 Mass. 347, 8 N. E. 2d 923, 113 A. L. R. 1133; *In re Danford,* 157 Cal. 425, 108 P. 322; *Butler* v. *Phillips,* 38 Colo. 378, 88 P.

480, 12 Ann. Cas. 204; *Eatherly* v. *Winn*, 187 Miss. 159, 192 So. 431; *Tilley* v. *State*, 230 Ala. 22, 159 So. 496, 498.

Since the only ground urged for a rehearing is that Justice Pratt was without authority to take part in the decision of the court, it is my opinion that although I entertain the same view on the merits expressed in my dissent to such decision, the application for rehearing should be denied.

WOLFE, Justice.

I concur in the opinion of Mr. Justice McDONOUGH. I also go a step further.

I think Mr. Justice Pratt during the time he held the status of absent on leave could not be functionally present on the court. But he was in fact acting as a member of this court subsequent to his being granted a leave of absence under Chap. 105, Laws of Utah 1941, whether or not he of right should have so acted. Chap. 105, Laws of Utah 1941, enabled him to functionally absent himself for the period designated in said law without peril of losing his office on the ground that he was not performing his function as a judge or that he had abandoned the office because the nature of his military duties made it impossible to carry on the two jobs. By the same token he could not by choice come back and serve on the court whenever he might feel so inclined after the time he had asked and was granted leave of absence and assumed his military duties. But when he did act after such time bona fide and without objection from and apparently with the sanction of the members of this court he did so under a color and belief of his right to do so and thus was de facto functionally a part of the court. For the above reasons I think his action in joining in the decisions he did are valid and for that reason and the reasons set out by Mr. Justice McDONOUGH I concur in the order denying the petition for rehearing.

PRATT, J., on leave of absence.