Argued September 14, affirmed October 19, petition for
rehearing denied November 16, 1955

ANDERSON ᴇx ʀᴇʟ POE *v.* GLADDEN

288 P. 2d 823

*B. Richard Anderson,* Newport, argued the cause and filed a brief for appellant.

*Wolf D. von Otterstedt,* Assistant Attorney General for Oregon argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General for Oregon.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and LATOURETTE, Justices.

BRAND, J.

This is an appeal from an order dismissing a habeas corpus proceeding and remanding the plaintiff to the custody of the warden of the penitentiary.

A petition for a writ of habeas corpus was filed in the Circuit Court for Marion County on April 28, 1954 in behalf of the plaintiff Dupree Poe against Clarence T. Gladden as warden of the state penitentiary. The circuit court issued the writ, the defendant filed a

return and the plaintiff-appellant filed a reply. The defendant demurred to the plaintiff's reply and the court sustained the demurrer. Upon the refusal of the plaintiff to plead further the court issued an order dismissing the proceeding and the plaintiff appeals.

The defendant warden in the return to the writ, in addition to formal matters, set forth as his authority for the imprisonment a certified copy of the journal entry of sentence in the circuit court of Marion County dated 28 July 1932, which reads as follows:

"BE IT REMEMBERED, That at a Regular Term of the Circuit Court of the State of Oregon, for the County of Marion, begun and held at the Court House in the City of Salem in said County and State, on Monday the 5th day of July 1932 the same being the first Tuesday after the first Monday in said month and the time fixed by law for holding a Regular Term of said Court, when were present:

The Hon. L. H. McMahan, Judge Presiding
John H. Carson, District Attorney
U. G. Boyer, Clerk
O. D. Bower, Sheriff

"When, on Thursday the 28th day of July 1932 Judge Fred W. Wilson, presiding, or [sic] the Judicial Day of said term, among other the following proceedings were had, towit:

The State of Oregon        No. 22705
    vs.
Robert Ripley, Frank
Manning and Dupree Poe

"Now on this 28th day of July, 1932 the above cause coming on before the court, this being the time heretofore fixed for the imposition of sentence upon the defendant, Dupree Poe, said defendant having been heretofore found guilty by a jury, upon a plea of not guilty, of the crime of

'Murder in the First Degree'. The State of Oregon appearing by John H. Carson, District Attorney and by Lyle J. Page Deputy District Attorney for Marion County, Oregon and the defendant appearing in person and by Paul F. Burris, Francis Fuller and Philmore Huth, his attorneys and the defendant, Dupree Poe waiving further time for the imposition of sentence and asked the court to pronounce the judgment of sentence upon him at this time and being asked by the court if he had anything to say why sentence should not be pronounced upon him at this time answered showing no good or sufficient reason,

It is therefore ordered and adjudged by the Court that the defendant Dupree Poe be and he is hereby sentenced to the Oregon State Penitentiary, as prisoner, for the remainder of defendant's natural life."

In his reply to the return plaintiff admits the official capacity of the warden and admits that plaintiff is in custody pursuant to the judgment order set forth in the return, but he alleges in general terms that the judgment was void "for the reason that the Circuit Court of the State of Oregon for the County of Marion did not acquire jurisdiction over the person of the said Dupree Poe, as hereinafter affirmatively set out; * * *." In his first affirmative reply the plaintiff alleges:

"That during the month of July, 1932, the said Dupree Poe was purportedly tried on a charge of a crime in the Circuit Courtroom of Marion County; that the records on file therein in the custody of the clerk of the County of Marion show that the case was not tried by a court of competent jurisdiction, in that the records show that the Honorable L. H. McMahan, the then duly elected Circuit judge of Marion County, was present, qualified, and able to sit at said purported trial, but that the said Honor-

able L. H. McMahan did not sit at said purported
trial, but that the Honorable Fred W. Wilson, the
elected circuit judge for the county of Wasco, of a
different judicial district, did in fact preside at said
purported trial of the said Dupree Poe; that the
Honorable Fred W. Wilson did not have jurisdic-
tion over the person of the said Dupree Poe in that
his presence was contrary to the then existing laws
of Oregon, more particularly Chapter 277 Oregon
Laws 1929, Page 299, and for the further reason
that there exists neither record of disqualification
of the presiding judge or appointment of the non-
district judge''.

■ Plaintiff bases his case upon the rule that:

"Habeas corpus will lie if the court was without
jurisdiction to try the defendant, or when circum-
stances arise in connection with criminal prosecu-
tion which render the judgment void, even though
the court had jurisdiction in the narrow sense, over
person and subject matter at the inception of pro-
ceedings." *Huffman v. Alexander,* 197 Or 283, head-
note 3, 251 P2d 87, 253 P2d 289.

Such is the law of this state subject to the qualifica-
tions stated in *Huffman v. Alexander,* supra. Plain-
tiff, however, fails to distinguish between jurisdiction
of a court and authority of a judge to sit therein.

The case against Dupree Poe was pending in the
Circuit Court of Marion County and the accused was
present in that court. The question raised by the first
affirmative reply relates merely to the authority of a
duly elected and qualified judge of one judicial district
of the state to sit in another. Plaintiff's contention
upon this issue is wholly without merit for several
reasons. We shall mention two.

■ If Judge Wilson was not a judge de jure when
sitting in Marion County, he was at least a judge de

facto. He had all of the powers of a circuit judge as bestowed by ORS 3.070 to 3.090 inclusive. He could be called in by the regular judge of the Circuit Court of Marion County if the latter was disqualified, or could be assigned to that court by the Chief Justice under the provisions of Oregon Laws 1929, ch. 277, if the judge was absent, unable to sit or disqualified, and when sitting the presumptions would be in favor of the regularity of his assignment. Under those conditions the regularity of the assignment could not be challenged by collateral attack. A habeas corpus proceeding is a collateral attack. *Rust v. Pratt*, 157 Or 505, 72 P2d 533.

■ "Where a person is convicted by a judge de facto, though not de jure, and detained in custody in pursuance of his sentence, he cannot be properly discharged upon habeas corpus; the right of such judge to exercise judicial functions cannot be determined on such writ." Ex parte Ward, 173 US 452, 43 L ed 765 (syllabus.)

See also, *State ex rel. Bales v. Bailey, Sheriff,* 106 Minn 138, 118 NW 676 (habeas corpus); *State v. Bednar,* 18 ND 484, 121 NW 614 (appeal); *Commonwealth v. Di Stasio,* 297 Mass 347, 8 NE2d 923; *Sykes v. Sanford, Warden,* 150 F2d 205 (habeas corpus); *Gorman v. People,* 17 Colo 596, 31 P 335; *State v. Grover,* 102 Utah 459, 132 P2d 125; *In re Ah Lee,* 5 Fed2d 899; *State of Oregon v. Whitney,* 7 Or 386; Anno, 144 ALR 1207.

The wisdom of the rule against collateral attack on the validity of the appointment of Judge Wilson to sit in Marion County is emphasized when we consider that the accused was represented by three attorneys at his trial for first degree murder, and that even now he makes no assertion that he raised or attempted to

raise any issue as to the qualifications of Judge Wilson at that trial. It will of course be observed that the 1929 statute was amended in 1933 and that the authority of the Chief Justice to assign judges to other judicial districts is no longer restricted to cases in which the regular judge is "absent, unable to sit or is disqualified" and that such assignments may now be made "for the more speedy and efficient transaction of the business of the circuit courts." Thus far we have assumed that Judge Wilson was sitting as a de facto judge only. Such is not the case.

Assuming but not conceding that the first affirmative reply stated only issuable facts and not conclusions of law, it is clearly insufficient. The very recitals of the judgment show that Judge McMahan was present on the fifth day of July, 1932, at the opening of the term. They do not show that he was "present, qualified and able to sit" on 28 July 1932 when defendant was sentenced. Finally, the plaintiff falsely alleges that "there exists neither record of disqualification of the presiding judge or appointment of the non-district judge".

This court is entitled to take knowledge of its own acts and of those of its Chief Justice. 31 CJS 515, Evidence, § 10. This proceeding in habeas corpus is in form a civil action distinct from the criminal proceedings wherein the plaintiff here was convicted. But the entire issue in this action pertains to the proceedings in the criminal case and we may in our discretion take judicial notice of our actions in that case. 31 CJS 623, Evidence, § 50c. The files in this court indicate that Judge Wilson accepted an assignment by the Chief Justice to Marion County to try the case in which Dupree Poe was a defendant. We also know the practice prevailing and properly required by which a cir-

cuit judge causes his assignment to be filed in the case or entered in the circuit court journal of the court to which he is assigned, to the end that his authority may be shown of record. The files or journal of the circuit court of Marion County will undoubtedly show a copy of the assignment of Judge Wilson to try the case in which Dupree Poe was one of three defendants, the other two being Ripley and Manning, as shown by the recitals in the judgment. For these and other reasons unnecessary to set forth, we find no merit in the plaintiff's first affirmative reply. The demurrer was properly sustained as to it.

Plaintiff relies upon *Archerd v. Burk,* 148 Or 444, 36 P2d 338. In that case it was held that the trial judge acted under a valid assignment by the Chief Justice, which was issued pursuant to the provisions of Oregon Laws 1933, now ORS 3.100. There was no need to decide whether habeas corpus will lie when a trial is had before a de facto judge and that question was not discussed.

By his second affirmative reply the plaintiff alleges that the Marion County Circuit Court did not acquire jurisdiction over the person of Dupree Poe, because the crime was committed in Oregon and "the said Dupree Poe was forcibly and against his will brought to the State of Oregon without having waived extradition proceedings in the manner and as required by law".

The plaintiff frankly admits that the decisions of this state are against him, but asks us to overrule them and follow the minority rule as announced by the Supreme Court of Kansas. *State v. Simmons,* 39 Kan 262, 18 P 117. This we decline to do. This is not a case in which habeas corpus is invoked for the purpose of freeing a person from custody of officers who have

unlawfully seized him in one state and are holding him for the purpose of bringing him to trial in another. Here the accused is being held pursuant to trial and conviction under valid Oregon procedure. In accordance with the overwhelming weight of authority we have held that courts of criminal jurisdiction need not inquire how the prisoner at the bar came within the reach of their mandates. For jurisdictional purposes it is sufficient that he is there. *Macomber v. Alexander,* 197 Or 685, 255 P2d 164; *State v. Owen,* 119 Or 15, 244 P 516. See Annotations, 165 ALR 947.

The demurrer was properly sustained to the second affirmative reply.

By his third affirmative reply the plaintiff contends that the court was without jurisdiction because Dupree Poe was placed in the penitentiary without preliminary hearing "or any hearing whatsoever". The recitals of the judgment of conviction conclusively establish that the accused had a hearing before a jury on his plea of not guilty. There remains only the allegation that he was denied a preliminary hearing.

The presentation of an indictment by a grand jury may be made whether or not the person charged has been held to answer. ORS 132.380. And a failure to hold a preliminary hearing does not deprive the trial court of jurisdiction to try the case upon such indictment. Furthermore, a preliminary hearing may be waived either expressly or by implication. 22 CJS, Criminal Law, 487, §§ 332, 333. There is no allegation in the reply which intimates that preliminary hearing was not waived and we therefore presume that it was.

In his fourth affirmative reply the plaintiff alleges (1) that there was no evidence that Dupree Poe had committed a crime. This allegation is obviously a mere conclusion, for the second allegation is that the

only evidence offered against Dupree Poe was by a purported accomplice, Frank Manning. The plaintiff frankly admits in his brief that Manning did testify in the trial of Dupree Poe. The third allegation is to the effect that Frank Manning had pleaded guilty to the same alleged crime, that he appeared to testify in the "purported trial" of Dupree Poe and thereafter was allowed to withdraw his previous plea of guilty and enter a plea to a "much lesser crime." The "lesser" crime was murder in the second degree, as stated by the plaintiff. In view of the record, the plaintiff can not contend that there was no evidence whatever on which the verdict of guilty of first degree murder was returned and the sentence of life imprisonment imposed.

We next consider the second averment to the effect that the only evidence offered against Dupree Poe was by a purported accomplice. While plaintiff's reply does not allege that Manning was indicted jointly with Dupree Poe, that fact is established by the recitals in the judgment of the trial court. The plaintiff relies upon this fact and cites the provisions of statute, as follows:

"When two or more persons are charged in the same indictment, the court may at any time before the defendant has gone into his defense, on the application of the district attorney, direct any defendant to be discharged from the indictment so that he may be a witness for the state." ORS 136.360.

This section has no relevancy to the case at bar. There was no application by the district attorney and no direction by the court that the co-indictee be discharged. The competency of Manning to testify against Poe is established by the common-law decisions of this court.

Several of our decisions have recognized the common-law rule as still prevailing to the effect that a co-indictee is incompetent to testify so long as no disposition has been made of the charge against him. *Latshaw v. Territory,* 1 Or 140; *State v. Drake,* 11 Or 396, 402; *State v. White,* 48 Or 416, 428, 87 P 137; *State v. Case,* 61 Or 265, 122 P 304; *State v. Hale,* 141 Or 332, 335, 18 P2d 219; *State v. Broadhurst,* 184 Or 178, 216, 196 P2d 407. The rule has, however, been severely criticized. In *State v. Broadhurst,* supra, we quoted with approval the following from Wigmore on Evidence:

"There ought to-day to be no further question in any jurisdiction (except Georgia) that there is no limitation whatever on the qualification of a co-indictee or co-defendant to testify either for or against the accused." Wigmore on Evidence, 3d Ed, § 580.

Assuming that the rule, as set forth in the earlier cases, still prevails, it would not exclude the testimony of Manning in the pending case. After a plea of guilty has been entered by him, a co-indictee becomes a competent witness for the state. *State v. Magone,* 32 Or 206, 51 P 453; *State v. Savage,* 36 Or 191, 216, 60 P 610. It follows that Manning was a competent witness against Poe for the reason that the plaintiff's reply expressly alleges that Manning had pleaded guilty to the charge on which he and Poe were jointly indicted.

Plaintiff contends that there was a flagrant denial of due process shown in his fourth affirmative reply because the co-indictee after having pleaded guilty, testified against Dupree Poe and that after the trial he was allowed to withdraw his previous plea of guilty on the first degree murder charge and to plead guilty to second degree murder. There is no allegation of any

agreement made between the prosecution and Manning or of any duress or fraud practiced upon him. If he was allowed to change his plea and enter a plea to the lesser degree of the same crime, it must have been because the court permitted it. The pleading fails to show why the court made such an order. For all we know, an investigation may have indicated a want of premeditation on the part of Manning. However, in *State v. Magone,* supra, 32 Or 206 at 210, the record showed that a co-indictee having first pleaded guilty, testified against the co-defendant on trial. On cross-examination it appeared that his testimony was given under promise of leniency. This court held that the co-indictee was a competent witness and that it was for the jury to say whether he had testified truthfully. The conviction of the accused was affirmed. In support of the decision in *State v. Magone,* see *Henderson v. Florida,* 135 Fla 548, 185 So 625, 120 ALR 742. An annotation to that case by the editors of American Law Reports reads, in part, as follows:

"In accordance with this view, the courts, both English and American, have held with substantial unanimity that a witness who is otherwise competent to testify is not rendered incompetent by the fact that he has a promise of immunity or leniency for himself." 120 ALR 751.

*State v. Magone,* supra, and decisions from nineteen other jurisdictions are cited in support.

■ If an actual promise of leniency inducing a co-indictee to testify does not render his testimony inadmissible, surely the mere facts alleged in the fourth affirmative reply would not have that effect. Here the demurrer admits only the facts that Manning pleaded guilty, testified, was later allowed to plead to a lesser crime, and by order of the court received a

lighter sentence. A further rule of undoubted validity disposes of all contentions made in the fourth affirmative reply. We have recognized that we should not put shackles on the one writ which stands as the great guaranty to all men of justice under law and that therefore the writ should be left sufficiently elastic to deal with extraordinary circumstances requiring its employment. *Huffman v. Alexander,* supra, 197 Or 283. But in the same case we held that the writ should not be employed under our practice when relief can equally well be afforded by appeal. *Huffman v. Alexander,* 197 Or 283 at 331. And see, 39 CJS, Habeas Corpus, § 8; *United States ex rel. Rogalski v. Jackson,* 146 F2d 251 (certiorari denied 324 US 873, 89 L ed 1427.)

In *Macomber v. State et al.,* 181 Or 208, 218, 180 P2d 793, this court, in a unanimous opinion by Justice Rossman, said:

"Following its entry, the judgment of October 23, 1939, could have been challenged by an appeal, and everything now said against it could have then been urged. Normally, the extraordinary remedy of habeas corpus is not available to those who neglected to appeal; * * *."

In the pending case the record shows that Dupree Poe was represented by three attorneys at the trial on the murder charge, and there is no allegation in his reply in the pending case which even intimates that he could not have appealed if any error was committed in the admission of evidence or concerning the sufficiency thereof. He now seeks to raise such questions after a lapse of more than 22 years and after, as he alleges, the "transcript of the purported trial" on the murder charge has been destroyed. In view of the nature of his allegations we hold that habeas corpus does not now lie. *Ex parte Tice,* 32 Or 179, 49 P 1038;

552

*Harlow v. Clow,* 110 Or 257, 223 P 541; *Hills et al. v. Pierce,* 113 Or 386, 231 P 652; *Claypool v. McCauley et al.,* 131 Or 371, 283 P 751; *Rust v. Pratt,* 157 Or 505, 72 P2d 533; *Garner v. Alexander,* 167 Or 670, 120 P2d 238; *Harlan v. McGourin,* 218 US 442, 54 L ed 1101; 25 Am Jur 183, § 53.

■ The plaintiff was amply represented by counsel in the pending case and may properly be required to comply with the rules of pleading. It was his duty to be specific in stating the facts supporting his legal conclusion. *Anderson v. Alexander,* 191 Or 409, 446, 229 P2d 633, 230 P2d 770. The allegations (1) that there was no evidence that Dupree Poe had committed a crime, (2) that the court had no jurisdiction, and (3) that the proceedings as set forth were violative of due process, when examined in their context, appear to be merely conclusions of law. The fourth affirmative reply did not set forth facts specifically or sufficiently supporting the conclusions.

Other authorities which support our decisions and clearly indicate that the alleged errors, even if they were properly pleaded, would not, under these circumstances warrant the employment of the extraordinary remedy of habeas corpus, are the following: *Johnson v. Zerbst,* 304 US 458, 82 L ed 1461; *Sunal v. Large,* 332 US 174, 91 L ed 1982; *Commonwealth v. Day,* 176 Pa Super 479, 108 A2d 818; *Hodge v. Huff,* 140 F2d 686; *Moore v. Aderhold,* 108 F2d 729; *Burall v. Johnson,* 134 F2d 614 (certiorari denied 319 US 768); *Ex parte McKay,* 63 Nev 262, 168 P2d 315; *Marelia v. Burke,* 366 Pa 124, 75 A2d 593; *Hart v. Best,* 119 Colo 569, 205 P2d 787.

The judgment of the trial court is affirmed.